**ERIE–NIAGARA RAIL STEERING COMMITTEE, Petitioner,**

v.

**SURFACE TRANSPORTATION BOARD, Respondent.**

**Dockets Nos. 98–4285, 98–4387.**

United States Court of Appeals, Second Circuit.

Submitted Feb. 2, 1999.

Decided Feb. 3, 1999.

Michael F. McBride, LeBoeuf, Lamb, Greene & MacRae, L.L.P., Washington, DC (Brenda Durham, of counsel ), for Movant–Petitioner Indianapolis Power & Light Company.

John Broadley, Jenner & Block, Washington, DC (Thomas D. Amrine, of counsel ), for Petitioner Indiana Rail Road Company.

Before: CABRANES and STRAUB, Circuit Judges, and McCURN, District Judge.[*]

PER CURIAM:

At issue is one of eleven consolidated petitions for review of various decisions rendered by the Surface Transportation Board (the "Board"), which is the successor to the Interstate Commerce Commission (the "ICC"). Petitioner Indianapolis Power & Light Company ("IPL") moves for dismissal of the related petition (docket no. 98–4387) filed by The Indiana Rail Road Company ("IRR"). IPL argues that review under 28 U.S.C. § 2344 is not available to IRR because it was not a party to the proceedings below. IRR responds that a limited exception exists for challenges to the Board's authority to render the decision. We write only to state our conclusion that no such exception survived the 1975 enactment that brought the ICC under 28 U.S.C. § 2344. Accordingly, we grant the motion to dismiss IRR's petition.

Direct review of orders of the Board, and several other agencies, is governed by the Hobbs Act, which is codified at 28 U.S.C. §§ 2341–2352. The relevant section of the statute provides:

> Any party aggrieved by the final order [of the agency] may, within 60 days after its entry, file a petition to review the order in the court of appeals wherein venue lies.

28 U.S.C. § 2344. IRR does not challenge the well-accepted interpretation of "party aggrieved" to "require as a general matter that petitioners be parties to any proceedings before the agency preliminary to its order." *Simmons v. ICC,* 716 F.2d 40, 42 (D.C.Cir. 1983); *accord Sierra Club v. United States Nuclear Regulatory Comm'n,* 825 F.2d 1356, 1360 (9th Cir.1987); *Clark & Reid Co. v. United States,* 804 F.2d 3, 5 (1st Cir.1986); *In re Chicago, Milwaukee, St. Paul & Pac. R.R. Co.,* 799 F.2d 317, 334 (7th Cir.1986); *Packard Elevator v. ICC,* 808 F.2d 654, 655 (8th Cir.1986); *American Trucking Ass'ns v. ICC,* 673 F.2d 82, 85 (5th Cir.1982). Nor

does IRR contend that it was a party to the Board's proceedings.

As noted above, IRR relies entirely upon the argument that an exception to the general standing rule permits non-party petitions if they challenge the Board's authority to render the decision in question. Prior to the 1975 enactment that brought the ICC under the Hobbs Act, the agency was governed by other procedures which may have permitted aggrieved non-parties to raise this type of challenge. *See Schwartz v. Alleghany Corp.,* 282 F.Supp. 161, 163 (S.D.N.Y.1968); *see also Edward Hines Yellow Pine Trustees v. United States,* 263 U.S. 143, 147, 44 S.Ct. 72, 68 L.Ed. 216 (1923). However, there is no compelling support for the proposition that, despite the plain statutory language to the contrary, such petitions remain valid today.

Two Fifth Circuit cases after 1975 state that such appeals may be brought, but neither is persuasive. In the first case, the statement is *dictum* and rests upon the pre–1975 cases cited above, without any acknowledgment of the intervening change in governing procedure. *See American Trucking,* 673 F.2d at 85 n. 4. The second case simply cites the first. *See Wales Transp., Inc. v. ICC,* 728 F.2d 774, 776 n. 1 (5th Cir.1984).

Furthermore, the Seventh Circuit, in a persuasive opinion by Judge Easterbrook, has rejected these cases, stating, in characteristically punchy prose: "The statute limits review to petitions filed by parties, and that is that." *Chicago,* 799 F.2d at 335. The Seventh Circuit also noted that " 'exceeding the power' of an agency may be a synonym for 'wrong,' " such that the so-called "exception" could be invoked in every case. *Id.* In fact, the petitioner in a District of Columbia Circuit case argued that the Hobbs Act rule against appeal by non-parties simply does not apply to the ICC at all. *Simmons,* 716 F.2d at 43. That circuit duly rejected this analogous argument, reasoning that the plain meaning of the statutory text could not be overcome by the mere absence of an explicit statement in the legislative history evincing

[*] The Honorable Neal P. McCurn, of the United States District Court for the Northern District of New York, sitting by designation.

an intent to change the (alleged) prior practice. *Id.* at 44.

We agree with the Seventh Circuit in *Chicago* and the District of Columbia Circuit in *Simmons.* To the extent that non-parties were once permitted to appeal ICC decisions, that avenue was closed by the clear language of the Hobbs Act when it became applicable to the ICC in 1975.

The IPL motion to dismiss IRR's appeal in docket no. 98–4387 is granted.